UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLIFTON HENDERSON**     ) | |
| ) | |
|     **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **NATIONS RECOVERY CENTER,**     ) | |
| **INC., a corporation;**     ) | |
| ) | |
|     **Defendant.**     ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Clifton Henderson, for actual and statutory damages, attorney's fees, and costs for Defendant Nations Recovery Center, Inc.'s violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the



Defendant transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, Clifton Henderson, is over the age of nineteen (19) years and is a resident of the city of Trussville in Jefferson County, Alabama.

2. Defendant Nations Recovery Center, Inc. is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Plaintiff asserts that, upon information and belief, Defendant Nations Recovery Center, Inc. is a debt collector as that term is defined by the Fair Debt Collections and Practices Act at 15 U.S.C. §1692(a)(6).

3. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

4. At some time prior to August 28, 2012, a debt allegedly owed by Plaintiff to some other entity not a party to this lawsuit was placed with Defendant Nations Recovery Center (hereinafter referred to as "NRC") for the purposes of collection.

5. The alleged debt of Plaintiff, Defendant was retained to collect was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

### Collection Call of August 28, 2012

6. On or about August 28, 2012, an employee or agent of Defendant NRC calling herself "Ms. Jackson" contacted Plaintiff in an attempt to collect the alleged debt.

7. This August 28, 2012 message was the first communication Plaintiff received from Defendant NRC.

8. "Ms. Jackson" left a voicemail message on Plaintiff's cellular telephone voicemail system.

9. The message from "Ms. Jackson," stated as follows:

> Clifton Henderson, this is Ms. Jackson. Message is for Mr. Clifton Henderson this is Ms. Jackson with Nations Recovery Center. I need you to give me a call back sir when you get this message. Time here is of the essence. I am a professional debt collector calling from Nations Recovery Center in regards to a debt. At this point, sir, if you have a legal representative representing you, have that person contact my office.

> However, I'd like to discuss this matter with you quietly.  Call me back when you get the message, Ms. Jackson.  My number 1-800-935-1139 extension 2055.

### *Collection call of September 13, 2012*

10. On September 13, 2012, Plaintiff received a phone call from an employee or agent of NRC calling himself "Russ Moore."

11. Said phone call was made in an attempt to collect the alleged debt.

12. "Russ Moore," like "Ms. Jackson," left a voicemail on Plaintiff's cellular telephone voicemail system.

13. The message from NRC's agent or employee calling himself "Russ Moore" stated as follows:

> How you doin' Clifton, uh, Mr. Henderson.  My name is Russ Moore.  I am calling as a courtesy at this point, sir.  There was a claim filed against you in my office for one of your debts.  I am a debt collector for Nations Recovery Center.  Give me a call back, sir.  You can reach me today.  I am going to be here until five p.m. your time.  My number is 1-800-935-1139 my extension is 2043.

14. After the telephone call from "Russ Moore," Plaintiff received a telephone call and voicemail message on his cellular telephone from an agent or employee of NRC calling himself "Theodore" at 800-935-1139 extension 2038 and giving reference number 3819399.

15. "Theodore," unlike "Ms. Jackson" or "Russ Moore" stated that the call was an attempt to collect a debt and that any information obtained would be used for that purpose.

### *Collection call of October 24, 2012*

16. On October 24, 2012, Plaintiff received another telephone call and voicemail message from NRC's employee or agent calling himself "Russ Moore."

17. Mr. Moore's voicemail message on October 24, 2012 stated as follows:

> Uh, yes, How ya doin' Clifton?  Mr. Henderson.  Very important sir, you need to listen carefully.  There was a, uh, file sent over to our office.  Unfortunately you failed, uh, to get this matter resolved for yourself in a sufficient amount of time so my agents have coded your file as a refusal.  We just obtained a copy of your credit record to start verifying assets, income,

things of that nature.  My name is Russ Moore.  If you would prefer to resolve the matter yourself with us without it having to escalate and without us having to pursue with any further activity call me directly at 1-800-935-1139 my extension is 2043.  Again my name is Russ Moore I am a debt collector for Nations Recovery Center regarding the collection of a debt.  I'll be here until five p.m. your time this afternoon.  Do not disregard this call Mr. Henderson.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant NRC and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

21. As a direct and proximate result of the wrongful conduct visited upon him by NRC in its collection efforts, Plaintiff suffered actual damages

including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

22. As a result of Defendant NRC's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant NRC.

### COUNT TWO
### NEGLIGENCE

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant and its employees or agents failed to prevent and/or negligently participated in improper collection activities in the course of collecting a debt allegedly owed by Plaintiff.

25. Defendant NRC and its agents and employees owed a duty to the Plaintiff to not violate the FDCPA and also not to cause him harm in the course of collecting debts allegedly owed by Plaintiff.

26. Defendant NRC through its agents and employees breached that duty

causing Plaintiff harm, including but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

27. NRC's employees and agents' negligent acts and omissions were done within the scope of employment and within the line and scope of job duties with NRC.

## COUNT THREE
## WANTONNESS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant's employees or agents acted or failed to act with a reckless or conscious disregard of the rights of Plaintiff with an awareness that harm likely or probably would result.

30. As a result of Defendant's wanton conduct, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

31. Defendant's employees or agents were acting within the line and scope of their employment when they caused Plaintiff's harm.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

34. The Defendant knew or should have known that said conduct was improper and violated the law.

35. The Defendant negligently failed to train and/or negligently failed to supervise its employees or agents in order to prevent said improper and illegal conduct.

36. The Defendant negligently failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

37. As a result of Defendant's negligence, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

40. The Defendant knew or should have known that said conduct was improper and violated the law.

41. The Defendant recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise its employees or agents in order to prevent said improper and illegal conduct.

42. The Defendant recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

43. As a result of Defendant's reckless and wanton conduct, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

## COUNT SIX
## INVASION OF PRIVACY

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

46. Defendant's employees and agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

47. Defendant's employees and agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

48. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

49. The conduct of this Defendant and its employees and agents, in

engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that same position.

50. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to punitive and actual damages in an amount to be determined at trial.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendant's acts alleged herein, Plaintiff was caused to incur mental and emotional suffering, frustration, worry, anguish, embarrassment, inconvenience, physical pain, outrage and anxiety.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendant statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant NRC's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory

damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for NRC's violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Mr. Clifton Henderson
459 Main Street 101-453
Trussville, AL 35173

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**NATIONS RECOVERY CENTER, INC.**
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 105
Montgomery, AL 36104